## CIRCUIT COURT OF LOUDOUN COUNTY

Michael Aldrich

v.

McDonald's Restaurants
of Virginia, Inc.

September 19, 1990

Case No. (Law) 11308

By JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Motion of the plaintiff to overrule the defendant's Demurrer to the Amended Motion for Judgment in which it is alleged that the plaintiff suffered personal injuries as a result of the negligence of certain employees of a McDonald's restaurant in Sterling, Virginia. The Court heard oral argument on September 7, 1990.

For the reasons hereinafter set forth, the Motion to overrule the Demurrer is denied, and the Demurrer is sustained.

I am of the opinion that *Wright v. Webb*, 234 Va. 527 (1987), provides a very narrow exception to the general rule that a business invitor, whose method of business does not attract or provide a climate for assaultive crimes, does not have a duty to take measures to protect an invitee against criminal assault. The exception applies when (1) the business invitor knows that criminal assaults against persons are occurring, or are about to occur (2) on the premises (3) which indicate an imminent probability of harm to an invitee.

The allegations of the Amended Motion for Judgment do not indicate that the manager knew that the plaintiff was going to be assaulted on the McDonald's premises. It

is alleged that the assault occurred outside the door of the restaurant. There is no allegation that the place where the manager was told the assault would occur or where the assault did occur was a part of premises owned or possessed by the defendant.

I do not believe that it can be fairly inferred from the facts alleged that the area of the threatened attack and/or the actual attack was on the premises of the defendant. This is true particularly in light of the allegations of paragraph 24 of the Amended Motion for Judgment that a shopping center surrounds the subject McDonald's restaurant.

I am also of the opinion that Count I and Count II are not repetitious and duplicative. Count I alleges a failure to warn or act based on a present threat while Count II alleges a failure to warn or act based upon notice of past assaultive conduct on or near the defendant's premises. Further, assuming the plaintiff can allege that the threatened and/or actual attack occurred on the defendant's premises, the other facts alleged would support a prayer for punitive damages.

The only reason the Court is sustaining the Demurrer is a failure to allege that the attack on the plaintiff was threatened to have occurred and/or did occur on the premises of the defendant.

The plaintiff will be granted a period of fourteen days after entry of the order consistent with this opinion to file a second amended motion for judgment if he be so advised, and, if he does so, then the defendant will have fourteen days after filing thereof to file responsive pleadings. If the plaintiff does not file such an amended motion for judgment within the fourteen-day period, then this case will be dismissed.